Filed 5/22/24  P. v. Darty CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KORY LATRELL DARTY,<br><br>    Defendant and Appellant. | C099137<br><br>(Super. Ct. No. 09F00466) |

Defendant Kory Latrell Darty appeals the trial court's denial of his petition for resentencing under former Penal Code section 1170.95, now section 1172.6.[1]  His appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo*

---

[1]    Undesignated section references are to the Penal Code.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  We refer to section 1172.6 throughout this opinion.

1

(2022) 14 Cal.5th 216 and *People v. Wende* (1979) 25 Cal.3d 436, and asked that we exercise our discretion to review the record for arguable issues on appeal.

This court notified defendant that he had 30 days in which to file a supplemental brief raising any argument he wanted us to consider. Defendant filed a supplemental brief raising numerous contentions, including several relating to alleged errors arising from his trial.[2] We focus on the trial court's ruling on defendant's section 1172.6 petition, as that is the order appealed from and the statute "does not permit a petitioner to establish eligibility [for resentencing] on the basis of alleged trial error." (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438, fn. omitted.) With that focus in mind, the trial court was correct that the instructions given here showed that the jury necessarily found defendant guilty of attempted murder under a valid theory, so defendant was ineligible for relief as a matter of law. We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 2008, after a dispute involving a romantic partner of defendant's, defendant and a companion shot one man and attempted to shoot three of the victim's companions. One of the victims was paralyzed from the waist down. Investigating police officers found 17 expended bullet casings. (*People v. Darty* (Sept. 17, 2012, C065494) [nonpub. opn.].)

A jury found defendant guilty of four counts of attempted murder and found personal discharge and use of a firearm enhancements to be true. (§§ 187, subd. (a), 664, 12022.5, subd. (a)(1), 12022.53, subds. (b)-(d).) The trial court sentenced defendant to

---

[2] Defendant argues: The jury instructions were confusing and impossible to follow, the trial court erred in failing to ask the jury for a verdict on aiding and abetting, the trial court erroneously failed to inform the jury that a second man was charged with the crimes, law enforcement forced a victim to identify defendant as the shooter, and the evidence was insufficient to establish that defendant was the actual shooter.

50 years to life. On appeal, this court affirmed the judgment. (*People v. Darty, supra*, C065494.)

In June and July 2022, defendant filed two petitions for resentencing under section 1172.6. Counsel was appointed and the prosecution filed a brief arguing defendant was ineligible for relief because the jury was not instructed on a now-invalid theory of imputed liability for attempted murder. The prosecution attached a copy of this court's opinion resolving defendant's appeal of his original conviction (*People v. Darty, supra*, C065494), the jury instructions given, and the jury verdict forms from defendant's underlying conviction. Defendant filed a reply arguing the jury could have imputed malice based on the kill zone instruction given during trial.

In June 2023, the trial court issued a tentative order denying defendant's petition for resentencing. The trial court reasoned the jury was never instructed regarding the natural and probable consequences doctrine. Instead, the jury was instructed with CALCRIM No. 600, which required the jury to find defendant possessed the intent to kill in order to find him guilty of attempted murder. Because defendant was not convicted under a now-invalid theory, he was ineligible for relief.

In July 2023, the trial court held a prima facie hearing. The court heard additional arguments from the parties and subsequently adopted its tentative ruling.

Defendant filed a timely appeal.

DISCUSSION

1. *Legal Background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

3

Generally, a person convicted of attempted murder under the natural and probable consequences doctrine may file a petition to have the conviction vacated and to be resentenced on any remaining counts.  (§ 1172.6, subd. (a).)  Although the natural and probable consequences theory is no longer an option under current law to convict an aider and abettor for murder or attempted murder, he or she can still be convicted as a direct aider and abettor.  (§§ 188, 189.)  An individual also can still be convicted of attempted murder if he or she has the specific intent to kill and commits a direct but ineffectual act toward its commission.  (*People v. Mejia* (2012) 211 Cal.App.4th 586, 605.)

Upon submission of a section 1172.6 petition, "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief.  If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause."  (§ 1172.6, subd. (c).)

The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)  The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid.*)  The court may rely on the record of conviction in determining whether defendant has made a prima facie showing, and " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid.*; see also *People v. Harden* (2022) 81 Cal.App.5th 45, 52 [it is appropriate for a court to deny a defendant's resentencing petition if the record shows the defendant is ineligible for relief as a matter of law].)  Still, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis, supra*, at p. 972.)

2. *Analysis*

Defendant points to no evidence and offers no argument that contradicts the trial court's correct finding that defendant is ineligible for relief under section 1172.6 because

4

the jury was never instructed regarding natural and probable consequences.  To the extent defendant invites us to reweigh the evidence by arguing that the evidence fails to show that he was the actual shooter, we decline to do so.

DISPOSITION

The trial court's order denying the resentencing petition is affirmed.


_____\s\_____,
Krause, J.



We concur:



_____\s\_____,
Earl, P. J.



_____\s\_____,
Duarte, J.

5